UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., ) ) ) Plaintiffs, ) ) v. ) ) UNITED VAN LINES, LLC., et al., ) ) Defendants. ) | No. 05 CV 10317 MLW |

**MEMORANDUM IN SUPPORT OF DEFENDANT UNIGROUP, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**I. INTRODUCTION**

Because defendant UniGroup, Inc. ("UniGroup") has no meaningful contacts with the Commonwealth of Massachusetts, it should be dismissed from this case for lack of personal jurisdiction. UniGroup is a Missouri corporation with its principal (and only) place of business in Fenton, Missouri, near St. Louis. It is not registered to do business in Massachusetts, does not transact business there, and has no offices, employees, or corporate records in Massachusetts. Nor does UniGroup own, possess, or use any property in Massachusetts, maintain a Massachusetts bank account, or pay state or local taxes in Massachusetts.

Consequently, UniGroup is not subject to personal jurisdiction in this Court. First, it has engaged in none of the acts specified in Massachusetts' long-arm statute for the exercise of such jurisdiction. Second, its contacts with Massachusetts are so minimal that it would violate constitutional due process requirements to permit the present lawsuit against it to proceed.

Indeed, UniGroup's only alleged connection with Massachusetts is that its defendant subsidiaries—United Van Lines, LLC ("United") and Vanliner Insurance Company ("Vanliner")

—transact business there. Plaintiffs also claim that two (out of eighteen) UniGroup directors reside in Massachusetts, and that UniGroup supposedly "advertises" to Massachusetts citizens via the internet. However, settled and controlling precedent confirms that such indirect, tenuous, and limited contacts are not legally sufficient for the exercise personal jurisdiction. Accordingly, UniGroup should be dismissed as a party defendant in this case.

## II. RELEVANT JURISDICTIONAL FACTS

Plaintiffs Owner-Operator Independent Drivers Association, Inc. ("OOIDA"), Norman Pelletier, Matthew O. Bullard, Sr., and Dennis A. Lee have brought this nationwide class action suit against UniGroup and two of its subsidiaries (United and Vanliner). United is a federally regulated motor carrier which provides property transportation services in all fifty states, and operates through a network of nearly five hundred local agencies. Such agencies are each independently owned, managed, and operated by local United agents who operate in every state. Defendant Vanliner is an insurance company which primarily services persons and entities in the transportation industry, including but by no means limited to independent agents of United.[1]

The thrust of plaintiffs' pleaded claims is that the independent agents of defendant United failed to comply with federal regulations requiring that certain disclosures and other provisions be included in a motor carrier's lease agreements with its independent owner-operators. These federal leasing regulations, codified at 49 C.F.R. Part 376, were promulgated as part of the Interstate Commerce Commission Act, 49 U.S.C. § 141024. *See generally Compl. ¶¶ 1-2.*

---

[1] The basic structure and function of the UniGroup corporate family is further described in the affidavit of Joseph Schmelzle, attached as Ex. C to defendants' separate but concurrently-filed motion to transfer venue pursuant to 28 U.S.C. § 1404.

United's sister company, Vanliner, and its corporate parent, UniGroup, are named as defendants because they are each alleged to share legal responsibility for the leasing regulation violations supposedly committed by United's agents. *Id.* ¶ *12.* Importantly, neither UniGroup or Vanliner operates as a motor carrier in any state, nor do they enter into any of the challenged lease agreements with any plaintiff owner-operators.

UniGroup has no direct connection of any sort with Massachusetts. As plaintiffs themselves acknowledge, UniGroup is a Missouri corporation with its principal place of business in Missouri. *See Compl.* ¶ 10; *see also Affidavit of G. Smith,* ¶ *3.* [2] UniGroup is a holding company that owns several operating subsidiaries, including defendants United and Vanliner. *Id.* UniGroup is not registered to do business in Massachusetts, and does not transact business there. *Id.* ¶ *4.* UniGroup also has no offices in Massachusetts, maintains no corporate records in Massachusetts, and employs no Massachusetts residents. *Id*. Nor does UniGroup own, use, or possess any real estate or personal property in Massachusetts. *Id*. ¶ *9.*

Further, UniGroup does not offer any goods or services for sale in Massachusetts, nor does it enter into contracts to provide any such goods or services. *Id*. ¶¶ *6-8.* It does not maintain any bank accounts in this state, and pays no state or local taxes since it does no business here. *Id.* ¶¶ *10-11.* Finally, UniGroup is not an insurance company and does not insure any person, property, or risk located in Massachusetts. *Id*. ¶ *12.*

Other than its standard informational Web site which generally describes its corporate structure and its subsidiaries' business operations (www.unigroupinc.com), UniGroup does not advertise or solicit business in Massachusetts or from Massachusetts residents. *Id*. ¶ *14.* None of the content of UniGroup's Web site is specifically directed to Massachusetts residents.

---

[2] Mr. Smith's affidavit is annexed to the present Motion as Ex. A.

In their Complaint, plaintiffs make only the following vague jurisdictional allegations regarding UniGroup's supposed Massachusetts contacts:

- That UniGroup allegedly engages in "direct communications with Massachusetts residents through advertisements and over the internet;"

- That one Massachusetts agent of United (not UniGroup) allegedly states on its Web site that it offers services "under the UniGroup, Inc. umbrella;" and

- That two UniGroup directors allegedly "reside in Massachusetts." [3]

*See Compl. ¶11.*

Notably, plaintiffs do not allege that any of the foregoing alleged Massachusetts contacts have any bearing on the substance of their pleaded claims. Moreover, and as explained further below, none of these claimed contacts—whether viewed singly or in combination—comes close to satisfying the minimum legal requirements for exercising personal jurisdiction over UniGroup in this case. Accordingly, plaintiffs' claims against UniGroup should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### III. APPLICABLE LEGAL STANDARDS

Once a defendant in a federal civil action challenges the propriety or legal sufficiency of in personam jurisdiction, the burden is on plaintiffs to prove that such jurisdiction exists. *See, e.g., Workgroup Tech. Corp v. MGM Grand Hotel,* 246 F. Supp. 2d 102, 108 (D. Mass 2003) (quoting *Mass. School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)("plaintiff ultimately bears the burden of persuading the court that jurisdiction exists").

Where, as here, the district court's federal question jurisdiction is invoked, the Fifth Amendment's due process clause establishes the constitutional limits of the court's personal jurisdiction. *Lorelai Corp. v. County of Guadalupe*, 940 F.2d 717, 719 (1st Cir. 1991). The Fifth

---

[3] In fact, only one UniGroup director is a Massachusetts resident. *Smith Aff., ¶ 16.*

Amendment "permits a federal court to exercise personal jurisdiction over a defendant in a federal question case if that defendant has sufficient contacts with the United States as a whole." *Id*; *United Elec. Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080,1085 (1st Cir. 1992).

However, while "a federal court's power to assert personal jurisdiction is geographically expanded" in federal question cases, *see Cole v. Cent. States Southeast and Southwest Areas Health & Welfare Fund*, 225 F. Supp. 2d 96, 97 (D. Mass. 2002), service of process must still be grounded on a specific federal statute or rule of procedure. *Lorelai*, 940 F.2d at 719-20. Accordingly, even "though personal jurisdiction and service of process are distinguishable, they are closely related, since service of process is the vehicle by which the court may obtain jurisdiction." *Id.* at 719 n.1. In other words, the legal limits of personal jurisdiction in a federal question case are defined, as a practical matter, by the service of process requirements for that particular action. *See Catrone v. Ogden Suffolk Downs, Inc*, 647 F. Supp. 850, 854 (D. Mass. 1986)("although constitutionally personal jurisdiction can be nationwide, it has been limited by the service of process provisions in Rule 4, Fed.R.Civ.P.")(citing *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d 947, 950 (1st Cir. 1984)).

Nationwide service of process is only authorized in a few narrow and specific categories of federal question suits, such as antitrust, federal securities actions, and ERISA cases. *In re Lupron Mktg. & Sales Practices Litig.*, 245 F. Supp. 2d 280, 288 (D. Mass. 2003)("in a narrow class of federal questions cases," such as RICO actions, "the jurisdictional reach of the court is extended"); *In re Lernout & Hauspie Sec. Litig.*, 337 F. Supp. 2d 298, 310 (D. Mass. 2004) (nationwide service of process permitted in securities suit); *Cole*, 225 F. Supp. 2d at 97 (federal ERISA statute "provid[es] for nationwide service of process").

By contrast, this case is filed under a federal statute, § 14704 of the ICCTA, which does **not** authorize or permit such nationwide service.  Accordingly, and as is true for most federal question suits, Fed. R. Civ. P. 4 defines the permissible territorial limits of service of process.

Rule 4(e) provides that service "may be effected in any judicial district of the United States…pursuant to the law of the state in which the district court is located." *Fed. R. Civ. P. 4(e); see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 108 (1987).  Since § 14704 does not permit nationwide service of process, "the Court is obliged to look to the law of Massachusetts in determining whether the Court may assert jurisdiction over the defendants." *Pike v. Clinton Fishpacking Inc.*, 143 F. Supp. 2d 162, 166 (D. Mass. 2001) (because the "Jones Act does not provide for nationwide service of process," district court must look to law of Massachusetts); *United Elec. Workers,* 960 F.2d at 1086 ("absent a federal statute permitting service of process…our threshold inquiry must focus on Massachusetts law concerning personal jurisdiction, notwithstanding that this is a federal question case").

Under Massachusetts law, analysis of personal jurisdiction challenges requires a "two-fold inquiry": first, the court must determine whether the Massachusetts long-arm statute authorizes jurisdiction; second, it must ascertain whether the defendant has sufficient minimum contacts so that the exercise of personal jurisdiction will not violate due process. *Good Hope Ind. v. Ryder Scott Co.*, 389 N.E.2d 76, 79 (Mass. 1979); *U.S. v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 36 (1st Cir. 1999); *Noonan v. Winston Co.*, 902 F. Supp 298, 302 (D. Mass. 1995), *aff'd* 135 F.3d 85 (1st Cir. 1998).  As is frequently stated, "a nonresident defendant [must] possess sufficient contacts with the forum state so that subjecting him, her, or it to the forum's jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *United Elec. Workers,* 960 F.2d at 1087 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Plaintiffs must satisfy both prongs of the inquiry to establish personal jurisdiction. *See Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994), *cert. denied* 514 U.S. 1108 (1995)("the proper exercise of…in personam jurisdiction hinges on satisfaction of two requirements"); *Good Hope Industries,* 389 N.E.2d at 79. If plaintiffs fail the first test under the Massachusetts long-arm statute, then the district court need not proceed to the second (constitutional) prong. *Id.* ("Jurisdiction is permissible only when both questions draw affirmative responses"); *see also Pritzker*, 42 F.3d at 60; *Tatro v. Manor Care, Inc.*, 625 N.E.2d 549, 551 (Mass. 1994)(even if literal requirements of Massachusetts' long-arm statute are satisfied, plaintiffs must establish that "the exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution").

In this case, plaintiffs' suit against UniGroup does not satisfy either the statutory or the constitutional standards for in personam jurisdiction. UniGroup, therefore, should be dismissed.

### IV.   **ARGUMENT**

A.   <u>UniGroup Is Not Subject To Jurisdiction Under Massachusetts' Long-Arm Statute</u>

Massachusetts' long-arm statute provides as follows:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent,[4] as to a cause of action in law or equity arising from the person's:

   (a)   transacting any business in this commonwealth;

   (b)   contracting to supply services or things in this commonwealth;

   (c)   causing tortious injury by an act or omission in this commonwealth;

   (d)   causing tortious injury in this commonwealth by an act or omission outside the commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial

---

[4] The "agents" referenced by plaintiffs in their Complaint are independent agents of <u>United</u>, not UniGroup. *Smith Aff. ¶13; see Compl. ¶8.* This aspect of the Massachusetts long-arm statute, therefore, has no application to UniGroup.

-7-

        revenue from goods used or consumed or services rendered, in this commonwealth;

(e)    having an interest in, using or possessing real property in this commonwealth;

(f)    contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

(g)    maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a [domestic relations] claim….;

(h)    having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement….

M.G.L.A. 223A § 3.

In this case, the attached and sworn Smith Affidavit confirms that UniGroup has engaged in none of the acts specified in the long-arm statute. Specifically:

- UniGroup does not transact business in Massachusetts. *See Smith Aff.* ¶¶ *4-8*.

- UniGroup does not enter into any contracts in Massachusetts to provide transportation, motor carrier, or other services. *Id.* ¶ *7*.

- Plaintiffs do not assert any tort claims in this case, either against UniGroup or the other two defendants, meaning that the tort provisions of the long-arm statute (subsections c and d) are inapplicable. *See Compl. generally*.

- UniGroup does not own, possess, or use any real property in Massachusetts. *Smith Aff.* ¶ *9*.

- UniGroup does not insure any person, property, or risk located in Massachusetts. *Id.* ¶ *12*.

- Since UniGroup is a corporation, it is not subject to the domestic relations provisions (subsections g and h) of the long-arm statute.

In sum, UniGroup is not subject to suit to suit in Massachusetts under the long-arm statute. The unverified jurisdictional claims in the Complaint cannot stand against the sworn factual averments of the Smith Affidavit. *See Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675

(1st Cir. 1992)(plaintiffs may not rest on their pleadings to make a sustainable showing of personal jurisdiction); *Geist v. Martin*, 675 F.2d 859, 862 (7th Cir. 1982)(when nonresident defendant offers evidentiary support for its motion to dismiss on jurisdiction grounds, plaintiff cannot stand on its pleadings but rather must come forward with its own evidence); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929-30 (6th Cir. 1974)(same).

Indeed, the First Circuit has long held that "plaintiffs may not rest on unsupported allegations in their pleadings to make a prima facie showing of personal jurisdiction." *Boit*, 967 F.2d at 675 (citing *Chlebda v. H.E. Fortna & Bro.* Inc., 609 F.2d 1022, 1024 (1st Cir. 1979)); *Barrett v. Lombardi*, 239 F.3d 23, 26-27 (1st Cir. 2001); *Foster-Miller, Inc., v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995)("To make….[a] prima facie showing…[of jurisdiction], the plaintiff cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts"). In this case, the Smith Affidavit conclusively establishes that UniGroup cannot be sued in Massachusetts under the long-arm statute. It should therefore be dismissed from this suit.

**B.** Plaintiffs' Attempt To Sue UniGroup In Massachusetts Also Violates Constitutional Due Process Requirements

*1. Applicable Constitutional Standards*

Since plaintiffs cannot establish jurisdiction under the long-arm statute, it is unnecessary to even address the second prong of the personal jurisdiction test. *Pritzker*, 42 F.3d at 60. If, however, this Court elects to do so, it is equally clear that plaintiffs' attempt to hale UniGroup into a Massachusetts court also violates settled due process requirements.

The Constitution protects nonresident defendants like UniGroup from being unfairly sued in distant forums with which they have had no meaningful contact. As the Supreme Court has put it, every defendant has a "liberty interest in not being subject to the binding judgments of a forum with which [it] has established no meaningful 'contacts, ties, or relations.'" *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Both this Court and the First Circuit have stressed the importance of these due process protections:

> The touchstone of the necessary constitutional personal jurisdiction analysis is "minimum contacts." "The minimum contacts standard requires that a court asserting personal jurisdiction determine that the nonresident defendant possesses sufficient contacts with the forum state so that subjecting him, her, or it to the forum's jurisdiction does not offend 'traditional notions of fair play and substantial justice.'"

*Christopher v. Mount Snow Ltd.*, 1996 U.S. Dist. LEXIS 14948, *10-*11 (D. Mass. 1996) (granting defendant's motion to dismiss where the attempt to exercise personal jurisdiction would offend due process)(quoting *United Elec. Workers*, 960 F.2d at 1087).

To determine whether a particular suit comports with minimum due process requirements, the First Circuit applies the following tripartite analysis:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.  Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, the exercise of jurisdiction must…be reasonable.

*Workgroup Tech. Corp*, 246 F. Supp. 2d at 112, 114-115 (citing *Pritzker,* 42 F.3d at 60). Moreover, the burden of establishing compliance with these constitutional requirements rests at all times with plaintiffs.  *See, e.g., Mass. School of Law at Andover,* 142 F.3d at 34.

To satisfy this burden, plaintiffs here must establish either specific jurisdiction or general jurisdiction over nonresident UniGroup.  Specific jurisdiction exists when "the cause of action arises directly out of, or relates to, the defendant's forum based contacts." *Noonan,* 902 F. Supp. at 302 (quoting *Pritzker*, 42 F.3d at 60).  By contrast, general jurisdiction only arises when the nonresident's contacts with the forum are so "continuous and systematic" that it is permissible to subject the nonresident to suit there on any claim, whether or not related to the forum.  *See generally Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 nn.8-9

(1984); *Swiss Am. Bank,* 191 F.3d at 36 n.3; *United Elec. Workers*, 960 F.2d at 1088. If plaintiffs cannot establish either specific or general jurisdiction, the nonresident defendant must be dismissed for lack of personal jurisdiction. *Rurhgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction…is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication").

  2. <u>UniGroup Is Not Subject To Specific Or General Jurisdiction In Massachusetts</u>

  Plaintiffs in this case do not allege that their claims against UniGroup arise from its alleged contacts with Massachusetts, and for good reason. The federal leasing regulation claims pleaded by plaintiffs have virtually no connection with the Commonwealth of Massachusetts, and certainly do not implicate any interests or rights peculiar to Massachusetts citizens. Most importantly for purposes of the present motion, the Complaint does not allege a single UniGroup contact with Massachusetts which bears <u>any</u> relationship to plaintiffs' claims in this action.

  Plaintiffs' conclusory assertion that "many of the wrongs alleged in this complaint were perpetrated by Defendants acting alone or through their authorized agents in Massachusetts," *see Compl.¶3*, is properly ignored for at least two reasons. First, district courts should not "credit conclusory allegations," particularly if rebutted by a sworn affidavit. *See Ticketmaster–N. Y., Inc. v. Alioto,* 26 F.3d 201, 203 (1st Cir. 1994); *Boit*, 967 F.2d at 675. Second, the "authorized agents in Massachusetts" to which plaintiffs refer are independent household goods agents of separate defendant <u>United</u>, not UniGroup. *Smith Aff. ¶ 13*. The alleged actions of another defendant's agents in Massachusetts are plainly irrelevant to the only issue presented here—namely, whether plaintiffs' claims against **UniGroup** arise directly from **its** contacts with Massachusetts. Since no such connection exists or is even alleged, UniGroup is not subject to specific personal jurisdiction.

Nor do principles of general jurisdiction permit UniGroup to be sued in Massachusetts. As the First Circuit has stressed, general jurisdiction is not constitutionally permissible unless plaintiffs can plead and prove that the defendant had "continuous and systematic" business contacts with the forum state. *See Donatelli v. National Hockey League*, 893 F.2d 459, 463-64 (1st Cir. 1990); *see also Helicopteros Nacionales*, 466 U.S. at 416. Here, UniGroup has no contact with Massachusetts, let alone continuous or systematic contacts.

Indeed, the sworn Smith affidavit confirms in numerous particulars the absence of any meaningful UniGroup contact with Massachusetts. As summarized earlier in this brief, UniGroup is a Missouri corporation with its principal and sole place of business in Missouri *(Smith Aff. ¶ 3);* UniGroup has no offices or employees in Massachusetts (*id.* ¶ 4); it does not own any real or personal property in Massachusetts (*id.* ¶ 9); it is not authorized to transact business, and does not transact business, in Massachusetts (*id.* ¶¶ 4-6); and it does not enter into contracts, provide services, maintain a bank account, or pay taxes in Massachusetts (*id.* ¶¶ 6-11). In these circumstances, under governing First Circuit precedent, general jurisdiction does not exist and UniGroup cannot be sued in Massachusetts.

    3.    *Ownership of Subsidiaries Who Do Business In Massachusetts Is An Insufficient Basis for the Exercise of Personal Jurisdiction*

UniGroup's only true connection with Massachusetts lies in the fact that its subsidiaries—specifically, United and Vanliner—conduct business there. Settled and well-reasoned First Circuit case law, however, makes it clear that such an indirect relationship does not satisfy constitutional requirements for personal jurisdiction. *See United Elec. Workers,* 960 F.2d at 1088 (defendant's ownership of a subsidiary in Massachusetts was "manifestly insufficient" to justify general jurisdiction); *Alvaro-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 617 (1st Cir. 1988)(personal jurisdiction did not exist over parent company based on alleged

actions of its Puerto Rican subsidiary); *Glater v. Eli Lilly Co.*, 744 F.2d 213, 215 (1st Cir. 1984)(Nonresident corporation which employed eight salespeople in New Hampshire, conducted business in the state, and advertised in a New Hampshire trade journal did not have sufficient contacts to justify general jurisdiction); *Noonan v. Winston Co.*, 135 F.3d 85, 93-94 (directly soliciting business in Massachusetts, resulting in orders totalling $585,000, was insufficient for general jurisdiction).

In *United Elec. Workers*, the defendant parent holding corporation appealed this Court's ruling that it could be sued in Massachusetts for a subsidiary's alleged nonpayment of health insurance premiums for its Massachusetts employees. The First Circuit reversed, holding that "mere ownership of a subsidiary by a passive investor, standing alone, has been held insufficient to satisfy" Massachusetts' long-arm statute and the constitutionally-required minimum contacts. 960 F.2d at 1087. In the specific circumstances there presented, the First Circuit continued, there was insufficient evidence that the parent, **"through its own affirmative conduct**, purposefully availed **itself** of the privilege of conducting activities in Massachusetts such that it could reasonably anticipate being haled into court there." *Id*. at 1090-1091 (emphasis added). This was particularly true since the parent did not "itself own property, maintain bank accounts, hold a license to do business, sell goods, advertise, or solicit business in Massachusetts." *Id.* at 1086. *See also Escude Cruz v. Ortho Pharm. Inc.*, 619 F.2d 902, 905 (1st Cir. 1980)(suit by subsidiary's employee against parent company was correctly dismissed because the **"mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary"**)(emphasis added).

Other courts have similarly held that the actions of a subsidiary in the forum state are legally insufficient to justify the exercise of personal jurisdiction over the corporate parent. As

aptly summarized by one court:

> Where a holding company is nothing more than an investment mechanism—a device for diversifying risk through corporate acquisitions—the subsidiaries conduct business not as [the holding company's] agents but as its investments. The business of the parent is the business of investment, and that business is carried out entirely at the parent level.

*Poe v. Babcock Int'l, plc*, 662 F. Supp. 4, 6-7 (M.D. Pa. 1985); *see also McPheron v. Penn C. Transp. Co.*, 390 F. Supp. 943, 954-56, 959 (D. Conn. 1975)(parent company was not subject to suit in Connecticut, even though one of its subsidiaries conducted business there; parent's business purpose was to invest and "facilitat[e] a program of corporate acquisition and diversification," not conduct business operations in Connecticut). Thus, UniGroup's ownership of subsidiaries who do business in Massachusetts is legally insufficient for personal jurisdiction.

    4.    *Plaintiffs' Remaining Jurisdictional Allegations Are Equally Insufficient*

Apparently recognizing the above mass of controlling precedent, plaintiffs seek to justify the exercise of personal jurisdiction over UniGroup by claiming that it engages in "direct communications" with Massachusetts residents, via "advertisements" and "through the internet." *See Compl.* ¶11. This allegation, however, also falls well short of legal requirements.

First, plaintiffs do not describe the purported UniGroup "advertisements" at all, nor do they contend that such advertisements bear **any** nexus to their claims in this lawsuit. *See Gray v. O'Brien*, 777 F.2d 864, 866-67 (1st Cir. 1985)(defendant was properly dismissed for lack of jurisdiction where plaintiff failed to establish how defendant's advertising related to his ski injury in New Hampshire). Indeed, the wholly conclusory nature of plaintiffs "advertising" allegation is alone sufficient to warrant ignoring it, especially in the face of UniGroup's affidavit establishing that except for its universally-available web site, it "does not advertise or otherwise solicit business in Massachusetts or from Massachusetts residents." *Smith Aff.* ¶ *14.*

Second, under settled Massachusetts law, "an isolated (and minor) transaction with a Massachusetts resident" is generally insufficient to establish personal jurisdiction under the long-arm statute; rather, such statute requires "the dissemination, on a persistent basis, of advertising, print and electronic, aimed at cultivating a market area in Massachusetts." *Gunner v. Elmwood Dodge*, 506 N.E.2d 175, 175 (Mass. App. Ct. 1987).

In *Droukas v. Divers Training Academy, Inc.*, 376 N.E.2d 548, 550, 553 (Mass. 1978), the Supreme Judicial Court of Massachusetts held that the defendant did not "transact business" in Massachusetts merely by advertising in a Massachusetts magazine. According to the *Droukas* court, the exercise of personal jurisdiction could not be justified where "defendant's only contacts with Massachusetts were the placement of an advertisement in a publication distributed in the Commonwealth, the receipt in Florida of a telephone call from the plaintiff in Massachusetts…[and] the sending of correspondence to the plaintiff confirming the sale and the shipment…to the plaintiff in Massachusetts." *Id*. at 551.

Another justification offered by plaintiffs for suing UniGroup in Massachusetts is the alleged fact that the Web site of one United agent located in Massachusetts makes reference to services offered **by that agent** "under the UniGroup, Inc. umbrella," *Compl. ¶11*. However, even that selective Web site quotation clearly states that the entity making such statement is not UniGroup or even a UniGroup subsidiary, but rather "a stockholding agent of United Van Lines"—an agent which UniGroup does not own, operate, or control. *Smith Aff. ¶ 13*. Plaintiffs do not and cannot explain how a statement allegedly appearing on a non-party's Web site can possibly form the basis for the exercise of jurisdiction over UniGroup in this case.

Nor can UniGroup be sued in Massachusetts simply because it has an informational Web site accessible to anyone in the world with an internet connection. Several decisions within this

-15-

district make it clear that a nonresident defendant's mere internet presence, without more, is a legally insufficient basis for personal jurisdiction. *See, e.g., Merced v. JLG Indus., Inc.*, 170 F. Supp. 2d 65, 72 (D. Mass. 2001)("courts have traditionally considered a website as merely one factor that may establish a persistent course of commercial conduct in the Commonwealth; [t]o hold otherwise would conflate a website, an advertising and informational medium, with ongoing solicitation or continuous business activity"); *Callahan v. Harvest Bd. Int'l, Inc.*, 138 F. Supp. 2d 147, 158-59, 168 (D. Mass. 2001)(website which does not mention any ties between nonresident and Massachusetts, is not interactive, and does not solicit business in Massachusetts is insufficient to establish personal jurisdiction); *Back Bay Farm, LLC v. Collucio*, 230 F. Supp. 2d 176, 185 n. 10 (D. Mass. 2002)(stressing that the Court "would not have found the existence of personal jurisdiction if the web page provided here was Defendant's only contact with Massachusetts"); *Digital Equip. Corp. v. AltaVista Tech., Inc.*, 960 F. Supp. 456, 471 (D. Mass. 1997)(describing as "troubl[ing]" plaintiff's claim that it is appropriate to "force corporations that do business over the Internet, precisely because it is cost-effective, to now factor in the potential costs of defending against litigation in each and every state"). Thus, UniGroup's maintenance of a standard business Web site is plainly insufficient to justify haling it into a Massachusetts court.

Finally, plaintiffs allege that two UniGroup corporate directors (actually, only one) reside in Massachusetts. *Compl.* ¶ 11. What plaintiffs fail to mention is that UniGroup's board of directors is comprised of eighteen persons, no less than **seventeen** of which reside outside of Massachusetts. *Smith Aff.* ¶ 16. In any event, the mere residence of a corporate director in the forum state is a legally insufficient basis for asserting personal jurisdiction over a nonresident corporation. *See Turner v. Jack Tar Bahama Ltd.*, 353 F.2d 954, 956 (5th Cir. 1965)("the mere

residence of officers and directors…[of defendant corporation] in Texas, together with the holding of conferences in the state regarding [defendants'] business operation," could not justify exercise of personal jurisdiction over the corporation); s*ee also Earle v. Chesapeake & O.R. Co.*, 127 F. 235, 238, 240 (E.D. Pa. 1904)("[c]learly, the mere residence of the three directors and the assistant secretary is not enough" to subject defendant railroad to personal jurisdiction in Pennsylvania, since it was incorporated in Virginia and had no office, stations, depots, or railways in Pennsylvania).  Indeed, UniGroup is unaware of any reported decision, from any jurisdiction, which suggests that a nonresident corporation may be sued wherever a single one of its directors resides, even if the company itself does no business there.

Accordingly, settled and well-reasoned precedent confirms that none of plaintiffs' jurisdictional allegations against UniGroup in this case are legally sufficient to permit UniGroup to be sued in Massachusetts.  Thus, the present suit against UniGroup should be dismissed.

## V. CONCLUSION

UniGroup is not subject to personal jurisdiction in this case.  First, it has engaged in none of the activities specified in Massachusetts' long-arm statute.  Second, it has not purposefully availed itself of the privilege of conducting business in Massachusetts such that it could reasonably foresee being haled into court there. Accordingly, due process principles also foreclose plaintiffs' attempt to sue UniGroup in this Court.

For all the foregoing reasons, defendant UniGroup, Inc. respectfully requests this Court to dismiss all claims against it for lack of personal jurisdiction, and to grant such other and

further relief as may be appropriate in the circumstances.

        Respectfully submitted,

        SALLY & FITCH LLP


By: /s/ *Jennifer E. Greaney*
    Francis J. Sally (BBO # 439100)
    Jennifer E. Greaney (BBO # 643337)
    225 Franklin Street
    Boston, Massachusetts 02110
    (617) 542-5542 (phone)
    (617) 542-1542 (facsimile)

    THOMPSON COBURN LLP
    David Wells (*pro hac vice* app. pending)
    Michael J. Morris (*pro hac vice* app. pending)
    Rebecca A. Pinto (*pro hac vice* app. pending)
    One U.S. Bank Plaza
    St. Louis, MO 63101
    (314) 552-6000 (phone)
    (314) 552-7000 (facsimile)

    Attorneys for Defendants United Van Lines, LLC,
    Vanliner Insurance Company, and UniGroup, Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing Memorandum in Support of Defendant UniGroup, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction has been served upon the following counsel of record, as listed below, this 2nd day of May, 2005, by U.S. Mail first class postage prepaid:

    Paul D. Cullen, Sr.
    David A. Cohen
    Susan Van Bell
    THE CULLEN LAW FIRM, PLLC
    1101 30th Street, N.W., Suite 300
    Washington, DC 20007

    John A. Kiernan
    Kenneth H. Naide
    BONNER KIERNAN TREBACH & CROCIATE
    One Liberty Square, 6th Floor
    Boston, MA 02109
    (617) 426-3900

                                                /s/ *Jennifer E. Greaney*
                                                Jennifer E. Greaney