## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) | **No. 05 CV 10317 MLW** |
| **UNITED VAN LINES, LLC, et al.,** | ) ) | |
| **Defendants** | ) ) | |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404

Pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7.1, Plaintiffs respectfully submit this Opposition to Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. In opposition to Defendants' Motion, Plaintiffs' submit the following:

### I. INTRODUCTION

Defendants United, UniGroup and Vanliner have requested that this Court transfer this action to the United States District Court for the Eastern District of Missouri or to the United States District Court for the Southern District of Indiana. In doing so, Defendants seek to minimize the significant weight given by the courts to the plaintiff's choice of forum, and Defendants overstate the inconvenience of litigating this action in this Court. Defendants provide no compelling reason for this Court to disregard the Plaintiffs' choice of forum and transfer this matter to one of two suggested alternative courts proposed by Defendants.

## II. STANDARDS APPLIED TO A MOTION TO TRANSFER

Defendants have brought their motion to transfer under 28 U.S.C. § 1404(a), which
provides that a district court may transfer any civil action to any other district where it may have
been brought "[f]or the convenience of parties and witnesses, in the interest of justice."

A defendant seeking transfer to a forum that it claims is more convenient has the burden
of proving that transfer is warranted.[1] The factors the Court should consider include the
convenience of parties and witnesses, the availability of documents, the possibility of
consolidation, and the order in which the district court obtained jurisdiction.[2] There is, however,
a strong presumption in favor of the plaintiff's choice of forum.[3] "We have emphasized that the
doctrine of *forum non conveniens* is used to avoid 'serious unfairness' and that plaintiff's choice
of forum will be disturbed only rarely."[4]

## III. ISSUE PRESENTED

In this circuit a moving party has the burden of establishing that transfer is
warranted. A plaintiff's choice of forum should be "disturbed only rarely" and
then only to avoid "serious unfairness." Should the Court grant Defendants'
motion to transfer venue where there is no attempt to show "serious unfairness"
with a reliance instead on the proposition that another forum would be somewhat
more convenient?

## IV. DEFENDANTS INCORRECTLY SUGGEST THAT THIS COURT SHOULD DISREGARD THE PLAINTIFFS' CHOICE OF VENUE.

Analysis of the factors listed above will show that Defendants have not met their burden

of proving that transfer is warranted. Before even getting to that analysis, however, it is

---

[1] *Reebok Int'l., Ltd. v. Dunkadelic, Inc.,* 2004 WL 413266 (D.Mass.), citing *Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 719 (1st Cir. 1996).

[2] *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir. 2000).

[3] *Id.,* citing *Gulf Oil v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

[4] *Nowak,* 94 F.3d at 719.

important to address Defendants' general contention that this Court need not grant the deference required to be given to a plaintiff's choice of forum. Defendants provide three reasons for the court to disregard the clear and settled law granting deference to plaintiff's choice of forum: (1) Plaintiffs' have not brought this action in their "home forum"; (2) less deference is required because this is a class action; and (3) lack of connection with Massachusetts. The Court should not be persuaded by these arguments.

Defendants claim that Plaintiffs' choice of forum should be discounted because it is not Plaintiffs' home forum. This ignores the fact that this is a class action lawsuit and, thus, there is no one home forum for all plaintiffs. There will be numerous class members who reside in Massachusetts or who, like Mr. Pelletier, entered into leases with United agents in Massachusetts, but there will also be numerous class members who live in other states and entered into leases in other states. Defendants have not shown that their suggested venues would be any more convenient to Plaintiffs on a class-wide basis. In fact, Massachusetts is more convenient to two of the named class representatives, Mr. Pelletier and Mr. Lee, who reside in New Hampshire and North Carolina, than Missouri or Indiana. Thus, the "home forum" factor does not serve to outweigh Plaintiffs' choice of forum.

The same analysis applies with respect to contacts with Massachusetts. Mr. Pelletier's lease agreement was entered into with a Massachusetts United agent, as will be numerous of the other lease agreements at issue. Lease agreements of other plaintiffs will have been executed in other states. Again, Defendants have not shown that the causes of action alleged are any more connected to Indiana or Missouri than they are to Massachusetts. The complaint is brought under federal question jurisdiction. There are no state causes of action alleged. Thus, the court in any

3

district will be applying the same law.[5]  Again, Defendants have provided no compelling reason why this factor should outweigh Plaintiffs choice of forum.

Defendants also argue that Plaintiffs' choice of forum is less weighty because this is a class action lawsuit.  Although there are cases that have noted that a representative plaintiff's choice of forum is accorded less weight, that is not tantamount to saying plaintiff's choice of forum carries no weight, as Defendants would like.

Even in a class action, where all plaintiffs may not share a common geographic location, the rationale for weighing the plaintiff's choice of forum heavily is still present.  Indeed, the fact that plaintiffs are dispersed throughout the United States emphasizes the similarity of their position and the need for their choice of forum to be weighted heavily.  They are all similarly disadvantaged by virtue of their lack of economic resources, lack of bargaining power, and lack of viable avenues of redress.  Adding to their disadvantaged position by according Defendant's choice of forum more weight than Plaintiffs' choice greatly weakens the protections that were provided by the Truth-in-Leasing regulations in an effort to level the playing field for owner-operators.  Moreover, it would require plaintiffs to always select the optimal forum for the Defendant and, if they did not do so, to have their cases moved.  That runs completely contrary to the principle that a plaintiff should be able to chose his forum.

## V. ANALYSIS OF RELEVANT FACTORS DOES NOT MANDATE TRANSFER OF THIS ACTION.

### A. Convenience of Parties and Witnesses

Defendants overstate the inconvenience to parties and witnesses of litigating this matter in Boston rather than in St. Louis or Indianapolis.  While it is true that any trial in this matter

---

[5] *See* Defendant's Exhibit D, Memorandum Opinion and Order, *OOIDA v. C.R. England*, p. 7 (concluding that "all federal district courts are equally able to resolve claims brought pursuant to the federal Truth-in-Lease regulations").

4

would take place in Boston, depositions of Defendants' employees and other witnesses would

take place at mutually convenient locations. The inconvenience to Defendants' business

operations would not be "seriously disrupted," as claimed by Defendants.

Moreover, the "convenience of witnesses" factor is directed toward nonparty witnesses

and whether they are subject to the subpoena power of the forum court. This factor, however, is

tied in with plaintiffs choice of forum and the deference given that choice. "While some

witnesses may reside outside the subpoena range of the District of Massachusetts, it is presumed

that plaintiff weighed this fact in choosing a forum."[6]

In *Foster*, the First Circuit criticized the District Court for offsetting plaintiff's choice of

forum with concerns that plaintiff could not get the full relief requested in that forum:

Although finding that "it is more convenient for the plaintiff to litigate this matter
in domestic comfort" . . . the court offset this finding by invoking, inter alia, a
presumed inability "to award plaintiff the full measure of relief that it seeks"
because of doubts concerning both the propriety and the efficacy of enjoining a
foreign national whose presence in Massachusetts had been fleeting. This concern
is beside any relevant point where a plaintiff's inability to obtain certain kinds of
relief is wholly a product of her own choice of forum. At any rate, the plaintiff
here explicitly informed the court of its willingness to forgo injunctive relief if
necessary to salvage jurisdiction.[7]

Thus, it is clear that Plaintiffs' choice of forum is the predominant factor to be

considered.

## B. Availability of Documents

Similarly, the fact that Defendants' business records are located at their corporate

headquarters in Missouri is not persuasive, particularly since Defendants are proposing an

alternative forum in Indiana. Clearly, the location of documents is not critical. During the

---

[6] *Kolash v. Vermont Center for the Deaf and Hard of Hearing, Inc.,* 2002 WL 1465768 (D.Mass.), citing
*Foster-Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 151 (1st Cir. 1995)

[7] 46 F.3d at 151 (internal citations omitted).

discovery phase, documents are not typically produced in the forum, but are sent to the parties' attorneys offices or are produced for inspection at a mutually agreed-upon location. Moreover, it is likely that much of Defendants' documentation is stored electronically. The burden involved in producing and transporting electronically stored information is minimal. Taking into consideration the ease and convenience of travel and the multitude of ways to communicate and transfer information, the cost of litigating in Missouri or Indiana. As has been recognized by the Ninth Circuit, "modern means of communication and transportation have tended to diminish the burdens of defense of a lawsuit in a distant forum.[8]

## C. Possibility of Consolidation and Order of District Court Jurisdiction

Defendants' contention that this matter should be transferred to Indiana because of the pending *OOIDA v. Mayflower* matter is unpersuasive. As noted by Defendants, OOIDA has brought more than twenty class actions against motor carriers all over the United States, in many jurisdictions. These cases all involve violations of the Truth-in-Leasing regulations and some also involve insurance issues, as in this matter. The mere fact that all of these lawsuits involve OOIDA as a Plaintiff, a motor carrier defendant, and violations of the Truth-in-Leasing regulations certainly would not mandate that they be brought in the same district.

The only connection that is slightly stronger here is that Mayflower is a subsidiary of Defendant UniGroup. However, the allegations made against United (the other motor carrier subsidiary of UniGroup) in this action are not identical to the claims brought in the *Mayflower* action. Although causes of action in both lawsuits involve improper retention of owner-operation finds and improper insurance charges, the practices and policies at issue are not the same. The *Mayflower* lawsuit also has several state law causes of action, including one based on

---

[8] *Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981).

the Indiana statutory cause of action for conversion. In addition, UniGroup and Vanliner are not

parties in the *Mayflower* suit. Thus, the lawsuits are different enough that, again, Plaintiffs'

choice of forum is not outweighed by the consideration of judicial economy.

## CONCLUSION

Applying the factors that are considered when ruling on a motion to transfer venue,

Defendants have not met their burden of showing that Plaintiffs' choice of forum is outweighed

in favor of another forum. The applicable legal principles are straightforward and the facts fall

squarely within those principles. Therefore, Plaintiffs do not believe oral argument is necessary,

as requested by Defendants. Should the Court wish to hear oral argument, Plaintiffs would be

pleased to appear before the Court.

Wherefore, Plaintiffs respectfully request that the Court deny Defendants' Motion to

Transfer.

Respectfully submitted,

OWNER-OPERATOR INDEPENDENT
DRIVERS ASSOCIATION, INC., et al.

By:

John A. Kiernan (BBO #271020)
Kenneth H. Naide (BBO #643213)
**BONNER KIERNAN TREBACH & CROCIATA**
One Liberty Square, 6th Floor
Boston, MA. 02109
(617) 426-3900

Paul D. Cullen, Sr. (*pro hac vice* app. pending)
David A. Cohen (*pro hac vice* app. pending)
Susan Van Bell (*pro hac vice* app. pending)
*THE CULLEN LAW FIRM, PLLC*
1101 30th Street, N.W., Suite 300
Washington, DC 20007
Telephone: (202) 944-8600

7

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that copies of the foregoing Plaintiffs' Opposition to Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 has been served upon the counsel of record listed below, this __15th__ day of June, 2005 by posting said copies in the United States mail, first class, postage prepaid to:

Francis J. Sally
Jennifer E. Greaney
Sally & Fitch, LLP
225 Franklin Street
Boston, Massachusett 02110

David Wells
Michael J. Morris
Rebecca A. Pinto
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101