UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
OWNER-OPERATOR INDEPENDENT         )
DRIVERS ASSOCIATION, INC. et al.,  )
                                   )
              Plaintiffs,          )
                                   )
       v.                          )   CIVIL ACTION NO.
                                   )   05-10317-MLW
UNITED VAN LINES, LLC, et al.,     )
                                   )
              Defendants.          )
```

ORDER

WOLF, D.J.                                          January 13, 2006

The court has reviewed, among other things, Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 and plaintiffs' opposition to it. In deciding such motions, this court generally applies the standards it discussed in Brant Point Corporation v. Poetzsch, 671 F. Supp. 2 (D. Mass. 1987). As this court wrote in Brant Point, 671 F. Supp. at 3-4:

> The convenience of the witnesses is "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. § 1404(a)." 15 Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3851 at 415 (1986). See also e.g., Saminsky v. Occidental Petroleum Corp., 373 F. Supp. 257, 259 (S.D.N.Y. 1974). ("The most significant factor to be considered is the convenience of party and non-party witnesses."); Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 929 (W.D. Mo. 1985) ("The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a)."). "In analyzing the convenience of the witnesses, the Court must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and quality of their testimony and whether they can be compelled to testify." Ratner v. Hecht, 621 F. Supp. 378, 382 (N.D.

Ill. 1985). Thus, "[w]hen a party seeks to transfer on account of the convenience of witnesses..., he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Factors, Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978) cert. denied, 440 U.S. 908, (1979).

The parties have not adequately addressed the issue of convenience of the witnesses. Defendants have submitted the affidavit of a Joseph Schmelzle, which includes one paragraph that discusses this question in general terms and the plaintiffs have not submitted any affidavit addressing it.

Accordingly, it is hereby ORDERED that:

1. The parties shall, by February 3, 2006, file affidavits and supplementary memoranda addressing the issue of the convenience of the witnesses in the manner described in Brant Point, supra.

2. Any replies shall be filed by February 10, 2006.

3. If necessary, a hearing on the pending motions shall be held on March 1, 2006, at 10:00 a.m.

/s/ Mark L. Wolf
_____
UNITED STATES DISTRICT JUDGE