**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **OWNER-OPERATOR INDEPENDENT** | ) | |
| **DRIVERS ASSOCIATION, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **No. 05 CV 10317 MLW** |
| | ) | |
| **UNITED VAN LINES, LLC, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| _____) | | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**
**PURSUANT TO THE COURT'S ORDER OF JANUARY 13, 2006**

Pursuant to the Court's Order of January 13, 2006, Plaintiffs respectfully submit this

supplemental memorandum regarding the Court's consideration of convenience of the witnesses

in deciding Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. 1404.

As noted by the Court in *Brant Point Corporation v. Poetzsch*, 671 F.Supp. 2, 3-4 (D.

Mass. 1987), "[t]he convenience of the witnesses is '[p]robably the most important factor . . .in

passing on a motion to transfer . . . '". (internal citation omitted). In making the analysis, the

court must consider "not only the number of potential witnesses located in the transferor and

transferee districts, but also the nature and quality of their testimony and whether they can be

compelled to testify." *Id.*

Here, Defendants United, UniGroup and Vanliner have requested that this Court transfer

this action to the United States District Court for the Eastern District of Missouri or to the United

States District Court for the Southern District of Indiana. Analysis of convenience of the

witnesses, however, shows that those jurisdictions are no more or less convenient than this one.

Accordingly, Plaintiffs' choice of forum should not be disturbed.[1]

With respect to the Plaintiffs, this is a class action lawsuit and, thus, there is no one home forum for all plaintiffs. Plaintiffs have submitted the Declaration of Named Plaintiff Norman Pelletier, who states that it would be more convenient for him to attend a trial in Boston than in Missouri or Indiana.[2] The other two Named Plaintiff representatives agreed to participate in a trial in this jurisdiction.[3] Plaintiff OOIDA has litigated on behalf of its members in numerous jurisdictions, and convenience is simply not a relevant factor with respect to OOIDA's participation in this lawsuit.[4] There will be class members who reside in Massachusetts or who entered into leases with United agents in Massachusetts, as well as class members who live in other states and entered into leases in other states. The same would be true if this matter were to proceed in Missouri or Indiana: some class members would have connections with those jurisdictions and many would not. Thus, there is no greater weight to be afforded either of those forums than this one.

The same is true with respect to United Van Lines agent witnesses. Mr. Pelletier's lease agreement was entered into with a Massachusetts United agent, as will be numerous of the other lease agreements at issue. Lease agreements of other plaintiffs will have been executed in other

---

[1] *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000) (Noting strong presumption in favor of plaintiff's choice of forum), citing *Gulf Oil v. Gilbert,* 330 U.S. 501 (1947). *See also Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 719 (1st Cir. 1996) ("We have emphasized that the doctrine of *forum non conveniens* is used to avoid serious unfairness and that plaintiff's choice of forum will be disturbed only rarely.").

[2] See Declaration of Norman Pelletier, Exhibit A.

[3] See Declaration of Paul D. Cullen, Sr, Exhibit B.

[4] See Declaration of James Johnston, Exhibit C and Declaration of Paul D. Cullen, Sr., Exhibit B.

states.  Plaintiffs will depose numerous United agent witnesses, and will do so in locations that are convenient to the witnesses.[5]  Because these witnesses will be located all over the country, they may or may not be within the subpoena power of this Court.  The same would be true, however, as to whether any of these witnesses would be within the subpoena power of the courts in Missouri or Indiana.[6]

As to the corporate Defendants, depositions of Defendants' employees and other witnesses would take place at mutually convenient locations.  In addition, the fact that Defendants' business records are located at their corporate headquarters in Missouri is not critical.  Plaintiffs will work with Defendants to arrange convenient methods and places for document production.[7]

## CONCLUSION

Looking to the factor of convenience of the witnesses, Plaintiffs' choice of forum is not outweighed in favor of another forum.  Wherefore, Plaintiffs respectfully request that the Court deny Defendants' Motion to Transfer.

---

[5]  See Cullen Declaration, Exhibit B.

[6]  *Id.*

Respectfully submitted,

OWNER-OPERATOR INDEPENDENT
DRIVERS ASSOCIATION, INC., et al.

By:

*/s/ Kenneth H. Naide*
John A. Kiernan (BBO #271020)
Kenneth H. Naide (BBO #643213)
**BONNER KIERNAN TREBACH & CROCIATA**
One Liberty Square, 6th Floor
Boston, MA.  02109
(617) 426-3900


Paul D. Cullen, Sr.
David A. Cohen
Susan Van Bell
*THE CULLEN LAW FIRM, PLLC*
1101 30th Street, N.W., Suite 300
Washington, DC  20007
Telephone: (202) 944-8600

---

[7] *Id.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that copies of the foregoing Plaintiffs' Supplemental Memorandum Pursuant to the Court's Order of January 13, 2006 has been served upon the counsel of record listed below, this 3rd day of February, 2006 by posting said copies in the United States mail, first class, postage prepaid to:

Francis J. Sally
Jennifer E. Greaney
Sally & Fitch, LLP
225 Franklin Street
Boston, Massachusetts 02110

David Wells
Michael J. Morris
Rebecca A. Pinto
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101

*/s/ Kenneth H. Naide*
**Kenneth H. Naide**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )    No. 05 CV 10317 MLW |
| UNITED VAN LINES, LLC, et al., | ) ) ) |
| Defendants | ) ) ) |

**DECLARATION OF NORMAN PELLETIER**

I, NORMAN PELLETIER, hereby declare and state as follows:

1.      My name is Norman Pelletier and I reside at 100 Peaselee Road, Merrimack, NH

03054.

2.      I am a named Plaintiff and Class Representative in this matter.

3.      If this case goes to trial, I will be present at the entire trial as Class

 Representative and as a witness.

4.       It would be much more convenient for me to attend a trial in

Boston than one in Missouri or Indiana.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

                                             */s/ Norman Pelletier*
                                             **Norman Pelletier**

Executed this 28th day of January, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| OWNER-OPERATOR INDEPENDENT | ) | |
| DRIVERS ASSOCIATION, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **No. 05 CV 10317 MLW** |
| | ) | |
| UNITED VAN LINES, LLC, et al., | ) | |
| | ) | |
| **Defendants** | ) | |

_____)

**DECLARATION OF PAUL D. CULLEN, SR.**

I, PAUL D. CULLEN, SR., hereby declare and state as follows:

1.      I am the managing partner of The Cullen Law Firm, PLLC, counsel for Plaintiffs in this action.  I make this Declaration based upon my personal knowledge and experience.

2.      This Declaration is submitted pursuant to the Court's order of January 13, 2006, in which the Court requested that the parties provide additional information related to the issue of convenience of the witnesses.

3.      I have substantial experience in litigating class actions, and have participated as class or sub-class counsel in at least 18 class actions involving trucking industry-related issues.[1]

---

[1]      *See Owner-Operator Independent Drivers Assoc. v. Bridge Terminal Transport, Inc.*, Civil Action No. 04-2846 (DMC) (D. N.J.) (certified as a class action on January 31, 2006); *Owner-Operator Independent Drivers Assoc. v. Heartland Express, Inc. of Iowa*, Civil Action No. 3-01-80179 (S.D. of Iowa) (certified as a class action on January 23, 2003 for challenge to Truth-In-Leasing Regulation violations); *Owner-Operators Independent Drivers Assoc. v. Mayflower Transit, Inc.*, 204 F.R.D. 138 (S.D. Ind. 2001) (challenge to leasing rules violations, class certified); *Owner-Operators Independent Drivers Assoc. v. Ledar Transport,* Civil Action No. 00-0258-CV-W-2-ECF (W.D. Mo. March 31, 2002) (challenge to leasing rules violations, class certified); *Owner-Operators Independent Drivers Assoc. v. Arctic Express, Inc.*, Case No. C2:97-CV-00750 (Sept. 6, 2001) (challenge to leasing rules violations, class

4.      In all of the cases in which I have represented OOIDA, the jurisdiction in which the action was filed has not been a relevant factor with respect to OOIDA's participation in the matter. A declaration by James Johnston, President of OOIDA, has been submitted, in which Mr. Johnston states that OOIDA is fully prepared to litigate this matter in Boston.

5.      The other three Named Plaintiffs have all agreed to make themselves available for this litigation in Boston.  A declaration by Norman Pelletier, one of the Named Plaintiffs, has been submitted, in which Mr. Pelletier has stated that it would be more convenient for him to attend trial in Boston than in Missouri or Indiana.

6.      With respect to discovery, Plaintiffs anticipate deposing numerous United Van Lines agents.  United has nearly five hundred agents throughout the United States.[2] Thus, regardless of the jurisdiction in which this action goes forward, depositions will be taken in other jurisdictions and locations that are convenient to the deponents.  Should the Plaintiffs wish to use the testimony of any witness that is outside of the subpoena power of this Court, Plaintiffs will use deposition testimony as permitted by Fed. R. Civ. P. 32. Thus, no witness will be unduly inconvenienced because this litigation is in Boston.  In addition, it is just as likely that such agent witnesses would not be within

certified); *Owner-Operators Independent Drivers Assoc. v. Gilbert Express, Inc.*, Civil Action No. 00-5163 (D. N.J. Feb. 14, 2001) (challenge to leasing rules violations, class certified); *Padrta v. Ledar Transport, Inc.*, Civil Action No. 96-0324-CV-W-2 (W.D. Mo. Sept. 6, 1996) (challenge to leasing rules violations, class certified).  *Sizemore v. Owner-Operator Independent Drivers Assoc.*, 671 So.2d 674 (Ala. Civ. App. 1995), *cert. denied*, 517 U.S. 112 (1996) (successful class challenge to Alabama state truck tax resulting in $70 million in refunds to owner-operators); *Owner-Operator Independent Drivers Assoc. v. State of New Hampshire*, Nos. 85-E-317 and 377 (Super. Ct., Hillsborough Cty.) (successful challenge to state truck tax resulting in $1.8 million refund); *American Trucking Associations, Inc. v. Kline*, No. 07-14-1667-85MVT (N.J. Tax Ct., Nov. 22, 1989) (sub-class counsel); *American Trucking Associations, Inc., et al. v. Commonwealth of Pennsylvania*, Nos. 315 C.D. 1982, 267 C.D. 1983, and 160 C.D. 1984 (Commonwealth Ct., Dec. 18, 1992) (sub-class counsel); *Private Truck Council of America, Inc. v. State of New Jersey*, No. L-85-1262 (N.J. Super. Ct., Jan. 20, 1989) (sub-class counsel).  Plaintiffs will furnish copies of the foregoing cases upon the Court's request.
2 Affidavit of Joseph Schmelzle ¶ 10.

the subpoena powers of the courts in Missouri or Indiana.  Moreover, it is likely that the number of

witnesses residing outside of Missouri that will be called upon to testify will be greater than the

number of witnesses within Missouri.

7.      Plaintiffs anticipate that one of the key United agents who will be deposed and called

as a trial witness will be a representative of Humboldt Storage and Moving of Canton,

Massachusetts, for whom Mr. Pelletier was a lessee.

8.      With respect to the corporate defendants, depositions will be taken at locations of

their convenience and production of documents will also be arranged in a manner that will be

convenient for the defendants.  Given that United Van Lines, Vanliner Insurance, and UniGroup are

corporations that do business throughout the United States, it is not unreasonable to expect that

corporate witnesses would on occasion be required to testify in courts in jurisdictions other than the

jurisdiction in which their corporate headquarters are located.  Moreover, as set forth in *Plaintiffs'*

*Class Action Complaint and Demand for Jury Trial* and *Plaintiffs' Opposition to Defendant*

*UniGroup, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction*, the corporate defendants all

have sufficient contacts with the Commonwealth of Massachusetts for this Court to exercise

jurisdiction.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND

CORRECT.


                                                    */s/ Paul D. Cullen, Sr.*
                                                    **Paul D. Cullen, Sr.**

Executed on:  this 31st day of January, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| **OWNER-OPERATOR INDEPENDENT** | ) | |
| **DRIVERS ASSOCIATION, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 05 CV 10317 MLW** |
| | ) | |
| **UNITED VAN LINES, LLC, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

_____)

**DECLARATION OF JAMES JOHNSTON**

I, JAMES JOHNSTON, hereby declare and state as follows:

1.      My name is James Johnston. I am the President of the Owner-Operator
Independent Drivers Association, Inc. ("OOIDA").  The statements made herein are
based upon my personal knowledge and information obtained during the course of my
official duties as President of OOIDA.

2.      Plaintiff OOIDA is a national trade association of professional truck
drivers, including individuals who own and operate motor vehicle equipment,
commonly known as "owner-operators." OOIDA is a not-for-profit corporation
incorporated in the state of Missouri, with its headquarters located at 1 NW OOIDA
Drive, Grain Valley, Missouri 64029.  OOIDA was founded in 1973 and now has over

300 employees and over 133,000 members residing in all fifty (50) states and in

Canada. A number of OOIDA's members are lessors of motor vehicle equipment who

have been, are, or are likely to be, leasing such equipment to Defendants. OOIDA

members collectively own or operate more than 180,000 individual heavy trucks and

small truck fleets.

3.     In order to assist its members regarding the conduct of, and complaints

about, motor carriers, OOIDA established a Collections Department, now part of its

Member Assistance Department. The collections function has been carried on by

OOIDA for nearly 30 years. Part of the function of this department has been to

monitor motor carriers' compliance with the Truth-in-Leasing regulations and to assist

owner-operators in obtaining payment of sums due the owner-operators from motor

carriers. In recent years this department has received an average of over 100

complaints and requests for help each day from owner-operators. The Member

Assistance Department reports directly to me as President of OOIDA. I monitor and

supervise the activities of this department with considerable care and interest.

4.     OOIDA members and independent drivers throughout the country

regularly report problems to OOIDA that arise with regard to the treatment of owner-

operators by motor carriers. Because independent drivers are particularly vulnerable to

pressure from motor carriers with regard to the terms of their lease agreements,

OOIDA tries to be especially vigilant regarding reports it receives about motor carriers whose leases or conduct do not comply with the Truth-In-Leasing regulations. By monitoring the business practices of motor carriers and their treatment of owner-operators, OOIDA works to improve the working conditions of its members.

5.    OOIDA surveys its membership periodically for a variety of purposes including to measure the economic health of this part of the trucking industry. Recent surveys show that during the year 2000, the average net revenue for owner-operators was $35,000 and the average income of employee drivers was just under $40,000. Operating revenues and expenses have yielded consistent results over the past several years. OOIDA has also determined through its surveys that a typical owner-operator spends approximately 300 nights a year away from home. Many owner-operators working for large motor carriers spend weeks and months at a time on the road. As a practical matter, owner-operators have very little time to do anything but run and maintain their trucks.

6.    With such modest net revenues, individual owner-operators find it very difficult to engage attorneys to represent them in disputes with motor carriers. A further difficulty is that the number of attorneys with expertise in motor carrier law is quite limited and most attorneys who do have such expertise work for carriers and are simply not available to represent drivers. The difficulty that drivers experience in

obtaining individual counsel is compounded because the amount in dispute for a single

owner-operator typically involves only a few thousand dollars.  Thus, lawyers cannot

afford to handle individual owner-operator claims on a contingency fee basis.  Because

of the legal expertise and resources needed to pursue such cases, and the minimal

recovery involved, attorneys generally decline to take on such individual cases.  Also,

the economics of the industry are such that drivers need to be on the road constantly to

have any chance at making a livable income, and thus have very limited time to pursue

claims.

      7.    Because of these factors, the only practical way for owner-operators

to vindicate their Truth-in-Leasing rights is through class action litigation where legal

costs are spread out over all class members and absent class members are required to

spend little of their limited available time supporting the litigation.  Moreover, class

actions provide the only effective mechanism to obtain the company-wide injunctive

relief necessary to force a carrier to comply with the Truth-in-Leasing regulations in its

uniform contracts, policies and procedures with respect to owner-operators.

      8.    During the past few years, OOIDA has participated in no fewer than 20

suits filed as class actions against motor carriers in which it has sought to vindicate the

rights of truck drivers under federal regulations.  OOIDA has also supported class

action litigation seeking tax refunds for owner-operators and small business truckers

from various state taxing authorities under the federal Commerce Clause. OOIDA has ample resources to support this litigation financially and is fully committed to seeing this litigation through to a conclusion.

9.    The fact that this litigation has been brought in Boston is of no consequence with respect to OOIDA's ability to participate. OOIDA has participated in lawsuits in many jurisdictions around the country, and it is no less convenient to participate in this matter in Boston than it would be in any other jurisdiction. The location of OOIDA's headquarters is simply not a relevant factor with respect to OOIDA's participation as a Plaintiff herein.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

*/s/ James Johnston*
James Johnston

Executed this 31st day of January, 2006.