UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 05 CV 10317 MLW ) ) |
| UNITED VAN LINES, LLC, et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
PURSUANT TO THE COURT'S ORDER OF JANUARY 13, 2006**

## I. INTRODUCTION

Plaintiffs continue to oppose transfer of this action on the basis of unconvincing and largely irrelevant arguments. The uncontroverted facts, established by both sides' affidavits, demonstrate that the vast majority of witnesses in this case work and reside in Missouri. Litigating in Missouri, therefore, will be far more convenient for the parties and their witnesses. Accordingly, this action should be transferred to the Eastern District of Missouri.

## II. ARGUMENT

A. Plaintiffs Continue To Focus Solely On Their Choice Of Forum Rather Than On The Convenience Of The Witnesses And The Parties

In its Order of January 13, 2006, this Court directed the parties to file supplemental memoranda and affidavits specifically addressing the "convenience of witnesses" factor for motions to transfer. Plaintiffs' submissions, however, devote only cursory attention to this important factor, and largely ignore the Missouri residence of both sides' executives and employees. Such party witnesses, it must be emphasized, comprise by far the most numerous—and certainly the most important—witnesses in this case.

Rather than focusing on witness convenience issues, plaintiffs insist on repeating (once again) their only real argument against transfer: namely, that "Plaintiffs' choice of forum should not be disturbed." *See Pls.' Supp. Mem. Pursuant to Court's Order of Jan. 13, 2006 ("Pls. Supp. Mem.") at 2*. That argument is not only unresponsive to the Court's January 13 Order, but is also plainly incorrect. A wealth of settled and well-reasoned case law confirms that a plaintiff's choice of forum is entitled to little if any weight where, as in this case:

1. The forum selected by plaintiffs is not the home of even one named party;

2. Plaintiffs seek to represent individuals residing in all fifty states, thus rendering any single class member's forum preference largely irrelevant; and

3. None of the material events or decisions occurred in plaintiffs' desired forum.

These issues, and defendants' supporting case law, is further discussed in defendants' prior transfer briefs. *See 5/2/05 Mem. in Supp. of Defendants' Motion to Transfer Venue, at 7-10; 7/11/05 Reply Mem. in Further Supp. of Defendants' Motion To Transfer Venue, at 3-5*.

Plaintiffs do not mention and cannot distinguish this unbroken line of persuasive precedent. Nor can they articulate a single reason why this putative nationwide class action should be litigated in Massachusetts, more than a thousand miles away from the primary litigants, all relevant documents, and the vast majority of witnesses. Plaintiffs' illogical and unexplained forum selection cannot prevail in these circumstances.

    B.    Plaintiffs Admit That Missouri Is More Convenient For All Party Witnesses Except A Single Named Individual Plaintiff

It is undisputed that all knowledgeable witnesses of the three defendant companies work and reside in the St. Louis, Missouri metropolitan area. Defendants' supplemental affidavit identifies no less than thirteen company executives with some knowledge of the issues and/or business practices pertinent to plaintiffs' allegations. All thirteen of these executives are located

in or around St. Louis. *See Supp. Aff. of J. Schmelzle, at ¶16.* Requiring each of these individuals to travel the approximately 1200 miles from St. Louis to Boston "for hearings and/or trial would disrupt their work schedules and business responsibilities." *Id. at ¶17.* And such disruption and inconvenience would not be limited to those thirteen individuals because, without exception, **all** of defendants' employees work and reside in the St. Louis area. *Id. at ¶18.* By contrast, none of the three defendants employs a single person in Massachusetts. *Id. at ¶¶17-18.*

Plaintiffs do not (because they cannot) controvert these undisputed facts. Moreover, they implicitly concede that for at least three of the four named plaintiffs, Missouri is at least as convenient as Massachusetts. The lone exception is plaintiff Norman Pelletier, a New Hampshire resident, who asserts without elaboration that it would "more convenient to me to attend a trial in Boston than one in Missouri or Indiana." *See Dec. of N. Pelletier, at ¶4.*

Tellingly, none of the three other named plaintiffs advances a similar claim. Rather, they simply assert—without even addressing whether Missouri or Massachusetts would be more convenient—that they "have all agreed to make themselves available for this litigation in Boston." *See Dec. of P. Cullen, at ¶5; see also Dec. of J. Johnston, at ¶9* ("The fact that this litigation has been brought in Boston is of no consequence….to OOIDA….[I]t is no less convenient [for OOIDA] to participate in this matter in Boston than it would be in any other jurisdiction"). Their silence on the critical witness convenience issue is deafening. The mere fact that they have chosen to inconvenience themselves by litigating in this distant forum is no substitute for a meaningful analysis of which forum—Missouri or Massachusetts—is most convenient to **all** parties and witnesses.

In reality, all plaintiffs except Mr. Pelletier essentially concede that Missouri is a more convenient forum than Massachusetts. This is especially true for lead plaintiff OOIDA, whose

headquarters, records, and employees are all located in Grain Valley, Missouri.  As to OOIDA, there can be little argument that Missouri is a far more convenient location for itself and its witnesses.  Indeed, OOIDA does not claim otherwise.

OOIDA's central role in prosecuting this lawsuit is also important.  As its president states, "OOIDA has participated in no fewer than 20 suits filed as class actions against motor carriers," and "OOIDA has ample resources to support this litigation" anywhere.  *Dec. of J. Johnston, at ¶8*.  Furthermore, Mr. Johnston continues, OOIDA's Collections Department and its Member Assistance Department—both located in Missouri—"monitor motor carriers' compliance with the Truth-in-Leasing Regulations" and receive "over 100" relevant communications from individual owner-operators every day.  *Id. at ¶3*.

There is no doubt, therefore, that OOIDA possesses numerous relevant records and that its executives and employees will be key witnesses.  Since all OOIDA documents and all OOIDA witnesses are in Missouri, it will be considerably more convenient for all parties—including OOIDA—to litigate there.

    C.    Only A Small Percentage Of Non-Party Witnesses Have Any Connection With Massachusetts

The most likely non-party witnesses in this case will be (1) owner-operators other than the named individual plaintiffs, and (2) executives and employees of the hundreds of independent agents of defendant United Van Lines.  These non-parties, however, are located in all fifty states, and Missouri is a far more central location than Massachusetts.[1]

---

[1] In any event, plaintiffs' stated intent to "depose numerous United agent witnesses…located all over the country," *see Pls.' Supp. Mem., at 3,* is properly regarded with considerable skepticism.  In OOIDA's similar class action suit against United's sister motor carrier, Mayflower Transit (which has been pending for nearly eight years now), OOIDA has deposed a grand total of six agents.

Nor is there is any unusual concentration of owner-operators or United agents in Massachusetts. To the contrary, less than three percent of United agents are in Massachusetts, and an even smaller proportion of owner-operators (less than two percent) are Massachusetts residents. *See Supp. Aff. of J. Schmelzle*, at ¶¶7, 12. Even this tiny subset of potential Massachusetts witnesses, moreover, have regular and substantial Missouri contacts—because their numerous and varied dealings with defendants are centered in Missouri. *Id.* at ¶¶8-15.

In sum, the overall convenience of potential non-party witnesses (owner-operators and United agents) further supports transfer to Missouri. All drivers and agents have substantial connections with the State of Missouri and, for the majority of such non-parties, Missouri is considerably more accessible than Massachusetts.

D.  Most Key Witnesses Are Subject To Subpoena In Missouri But Not In Massachusetts

Plaintiffs also gloss over another important transfer factor—namely, whether key witnesses "can be compelled to testify" at trial or at important evidentiary hearings. *See Brant Point Corp. v. Poetzsch*, 671 F.Supp. 2, 3-4 (D. Mass. 1987).

Here, by far the single most important category of witnesses will be defendants' executives and employees. It is defendants' actions and business practices, after all, which are alleged to violate the federal leasing regulations. And, as even plaintiffs concede, literally all of defendants' witnesses are in Missouri.

The next most important category of witnesses will be the executives and employees of OOIDA. As OOIDA's president admits, OOIDA regularly (1) "monitor[s] the business practices of motor carriers and their treatment of owner-operators," (2) "monitor[s] motor carriers' compliance with the Truth-in-Leasing regulations," and (3) receives "an average of over 100 complaints and requests for help each day from owner-operators." *See Dec. of J. Johnston, at*

*¶¶3-5*.  Thus, OOIDA's business records and the testimony of its executives will clearly be important sources of evidence.  Again, all such OOIDA records and witnesses are in Missouri.

Since both sides' key witnesses are Missouri residents, they can all be compelled to give live testimony in Missouri.  Conversely, **none** of the party witnesses reside within 100 miles of Massachusetts, meaning they cannot be subpoenaed to appear in this Court.  *See Smith v. Chason*, 1997 WL 298254, *9 n. 4 (D. Mass. Apr. 10, 1997)("The 100-mile limitation on service of a subpoena applies to parties as well as non-parties").  For this additional reason, defendants' motion to transfer should be granted.[2]

### E.     District Courts In Other OOIDA Class Actions Have Granted Transfer Requests In Similar Circumstances

Finally, plaintiffs fail to mention the very similar OOIDA lawsuits which have recently been transferred—over OOIDA's objections—to the judicial district where the defendants and all of their witnesses are located.  In *OOIDA v. C.R. England, Inc.*, No. CV F 02-5664, slip op. (E.D. Cal. Aug. 19, 2002), for example, the Court rejected OOIDA's choice of forum because:

> California [where OOIDA sued] is the state of residence of only one of the named Plaintiffs....[Moreover,] this is a class action and...none of the operative facts...occurred in [California].  ***Further, if the case is transferred to Utah, not only will it be closer to [defendant] C. R. England's headquarters, it will be closer to OOIDA's Missouri headquarters...and [to] the state of residence of at least three of the other named Plaintiffs....The court finds that in this case, the convenience of the parties weighs in favor of litigating this case in Utah.

---

[2] In their supplemental brief, plaintiffs carefully omit any discussion of whether party witnesses can be compelled to testify.  Instead, they assert only that **non-party** agents and owner-operators are "located all over the country" and hence "may or may not be within the subpoena power" of this Court or the Eastern District of Missouri.  *Pls. Supp. Mem. at 3*.  Plaintiffs' argument is at once disingenuous (because it ignores the far more important party witnesses, who can be subpoenaed in Missouri but not Massachusetts) and also unpersuasive (because, even as to the less important non-party witnesses, Massachusetts is less central and hence less accessible to individuals who reside all over the country).

*Id*. at 9-10.[3]

Similarly, in *OOIDA v. North American Van Lines*, No. 7:05-cv-00162, slip op. (W.D. Va. Aug. 15, 2005), the Court ordered transfer of another OOIDA class action to the defendant carrier's judicial district because, as in this case, the parties' relationship was centered there and the great majority of important witnesses were located there:

> [T]he proposed class of plaintiffs in the action presently before this court reside in various states across the country and as owner-operator drivers, travel continuously across the country; however [defendant] NAVL's employee witnesses and other non-party witnesses either reside in Indiana or in a state that is closer to Indiana than to Virginia [OOIDA's chosen forum]. \*\*\*Additionally, NAVL is headquartered in Fort Wayne, Indiana, which is also the site of the majority of evidence relevant to the plaintiffs' claims. \*\*\*Furthermore, the contacts relating to the plaintiffs' cause of action concerning violations of the federal leasing regulations, such as the calculation of compensation, processing of settlements, and handling of claims all occurred in Fort Wayne. \*\*\* Moreover, because none of NAVL's agents are named as defendants in the complaint, and because there is no connection to the harm alleged in the complaint to the chosen forum of Virginia beyond the mere fact that only one named plaintiff resides in the Western District of Virginia, the court finds that Indiana has a greater factual connection to the underlying dispute. \*\*\* **The sum of all these combined factors shows that it would be substantially inconvenient for NAVL to be forced to litigate this action in the plaintiffs' chosen forum of Virginia. Therefore, for the convenience of the parties and witnesses and in the interest of justice, the court will grant NAVL's motion to change venue** pursuant to 28 U.S.C. §1404(a).

*Id*. at 7-8 (emphasis added)(citations omitted).[4]

Likewise, all of the relevant transfer factors in this case—and especially the convenience of the witnesses—confirm that the present lawsuit should be transferred to the Eastern District of Missouri. Indeed, the case for transfer is considerably stronger here than it was in *C.R. England* or *North American,* because (1) not even one named plaintiff in this action is a resident of

---

[3] A copy of the *C.R. England* decision is annexed as Ex. D. to Defendants' Motion to Transfer Venue, filed with this Court on May 2, 2005.

[4] A copy of the *North American* decision is annexed as Ex. A to Defendants' Motion for Leave to Submit Supplemental Authority in Support of Their Motion to Transfer Venue, filed on October 5, 2005.

Massachusetts, and (2) both sides' primary witnesses and documents (not just defendants') are located in Missouri. Thus, for the convenience of the parties and the witnesses, this case should be transferred to Missouri.

### III. CONCLUSION

For all the foregoing reasons, defendants respectfully request this Court to transfer this cause in its entirety to the U.S. District Court for the Eastern District of Missouri, and to grant defendants such other and further relief as may be appropriate in the circumstances.

Respectfully submitted,

THOMPSON COBURN LLP


By: /s/ Michael J. Morris
David Wells
Michael J. Morris
Rebecca A. Pinto
One U.S. Bank Plaza
St. Louis, MO 63101
(314) 552-6000 (phone)
(314) 552-7000 (facsimile)

SALLY & FITCH LLP

Francis J. Sally (BBO # 439100)
Jennifer E. Greaney (BBO # 643337)
225 Franklin Street
Boston, Massachusetts 02110
(617) 542-5542 (phone)
(617) 542-1542 (facsimile)

Attorneys for Defendants United Van Lines, LLC, Vanliner Insurance Company, and UniGroup, Inc.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 10th day of February, 2006, the foregoing Defendants' Reply to Plaintiffs' Supplemental Memorandum Pursuant to Court's Order of January 13, 2006 was electronically filed with the Clerk of the Court using the CM/ECF system, which in turn forwarded the same to the following counsel of record:

    Paul D. Cullen, Sr.
    David A. Cohen
    Susan Van Bell
    THE CULLEN LAW FIRM, PLLC
    1101 30th Street, N.W., Suite 300
    Washington, DC 20007

    John A. Kiernan
    Kenneth H. Naide
    BONNER KIERNAN TREBACH & CROCIATE
    One Liberty Square, 6th Floor
    Boston, MA 02109
    (617) 426-3900

                                            /s/ Michael J. Morris