```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

OWNER-OPERATOR INDEPENDENT DRIVERS )
ASSOCIATION, INC., ET AL.,        )
    Plaintiffs,                   )
                                  )
    v.                            )   C.A. No. 05-10317-MLW
                                  )
UNITED VAN LINES, LLC, ET AL.,    )
    Defendants.                   )

MEMORANDUM AND ORDER

WOLF, D.J.                                          February 15, 2006

    The court has considered the parties' responses to the January 13, 2006 Order, as well as the earlier submissions concerning Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §1404 (the "Motion"). Essentially, for the reasons stated by the defendants in their responses to that Order (Docket Nos. 31 and 32), the Motion is meritorious. Therefore, this case is being transferred to the United States District Court for the Eastern District of Missouri.

    This case is a putative class action. The named plaintiffs have chosen to bring it in the District of Massachusetts. As this court wrote in an analogous case, <u>Brant Point v. Poetzch</u>, 671 F. Supp. 2d 2, 4 (D. Mass. 1987):

> The court recognizes that there is a presumption in favor of plaintiff's choice of forum and that the defendant has the burden of showing that a transfer is warranted. <u>Berrigan</u> at 169. However, the weight to be accorded plaintiff's choice of forum varies with the circumstances of the case. <u>See</u> 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3848 at 389-92 (1986). "Where

> [as here] the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight," Goodman at 302; see also, e.g., Leinberger v. Webster, 66 F.R.D. 28, 34 (E.D.N.Y.1975); Foster v. Litton Industries, Inc., 431 F.Supp. 86, 87 (S.D.N.Y.1977), and is "given equal consideration along with the other factors which must be considered under § 1404." Hotel Constructors, Inc. at 1051. In any event, plaintiff's choice of forum alone is not controlling. Resources Investment Corp. v. Hughes Tool Co., 561 F.Supp. 1236, 1238 (D.Colo.1983). In this case it is overcome by the strong showing that transfer of the case to another judicial district would, on balance, promote the interests of justice and be more convenient to the parties and witnesses. 28 U.S.C. §1404(a).

Id.

In this case, none of the named plaintiffs resides in Massachusetts. The lead plaintiff, Owner-Operator Independent Driver's Association, Inc., is a Missouri corporation with its sole office in that state. Thus, it appears that the potential witnesses with knowledge of its relevant actions are located in Missouri.

The defendants are also Missouri corporations and their headquarters are in that state. Defendants deal from Missouri with the many members of the putative, nationwide class of plaintiffs, less than 3% of whom are located in Massachusetts. The potential witnesses with knowledge of defendants' actions and practices reside in the St. Louis, Missouri area.

It is clear that Missouri will be the much more convenient venue for the witnesses in this case, which is "'probably the most important factor, and the factor most frequently mentioned in

2

passing on a motion to transfer under 28 U.S.C.A. §1404(a).'" <u>Id.</u> at 3 (quoting 15 Wright, Miller, and Cooper, Federal Practice and Procedure 2d §3851 at 415 (1986)).  In addition, many of the potential witnesses can be compelled to testify in the Eastern District of Missouri, but not in the District of Massachusetts.  In view of the desirability of maximizing live testimony at trial, this factor too favors transfer.  <u>Id.</u> at 4.

In view of the foregoing, the plaintiffs' preference for the District of Massachusetts is outweighed by the other factors that make the Eastern District of Missouri the venue which will best promote the interests of justice, including the convenience of the parties and witnesses.  <u>See</u> 28 U.S.C. §1404(a).

Accordingly, it is hereby ORDERED that:

1.  Defendants' Motion to Transfer Case Pursuant to 28 U.S.C. §1404 (Docket No. 11) is ALLOWED.

2.  This case is TRANSFERRED to the Eastern District of Missouri.

3.  The March 1, 2006 hearing is CANCELLED.

                                                <u>/s/ MARK L. WOLF</u>
                                                UNITED STATES DISTRICT JUDGE